ANTHONY SIMMS,                          )
                                        )
                    Petitioner,         )
                                        )
         v.                             )         No. 4:05-CV-1817-HEA
                                        )
DAN ROPER,                              )
                                        )
                    Respondent.         )


**ORDER AND MEMORANDUM**

         This matter is before the Court upon receipt of Anthony
Simms' signed petition for a writ of habeas corpus pursuant to 28
U.S.C. § 2254 [Doc. #4] and motion for leave to commence this
action without payment of the required filing fee [Doc. #5],
pursuant to this Court's Order of November 9, 2005 [Doc. #3]. *See*
28 U.S.C. § 1915(a).  Upon consideration of the financial
information provided with the application, the Court finds that
petitioner is financially unable to pay any portion of the filing
fee.  Therefore, the Court grants petitioner leave to proceed in
forma pauperis.

         Petitioner, an inmate at the Potosi Correctional Center,
seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.
Petitioner states that on June 24, 2005, he pleaded guilty to
crimes of kidnapping and second degree murder and was sentenced to
thirty years' imprisonment.  Petitioner states that he appealed his

judgment of conviction, and that his appeal "at present" is pending in the "22nd Judicial Circuit."

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. Not only is petitioner's direct appeal currently pending, but once completed, he may also decide to pursue post-conviction relief in the state trial court pursuant to Missouri Supreme Court Rule 24.035. As such, petitioner has available procedures that he must exhaust before filing a habeas corpus petition in federal court.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #5] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's original, unsigned motion for leave to proceed in forma pauperis [Doc. #2] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that no order to show cause shall issue as to the respondent, because petitioner has failed to exhaust his available state remedies.

**IT IS FURTHER ORDERED** that petitioner's application for

2

a writ of habeas corpus [Doc. #4] is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that petitioner's original, unsigned application for a writ of habeas corpus [Doc. #1] is **DENIED**, as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 1st day of December, 2005.

_____

**UNITED STATES DISTRICT JUDGE**